UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARYL A., JR., OBO DARYL A., SR., § § Plaintiff, § § v. § § COMMISSIONER OF SOCIAL SECURITY, § § Defendant. § | Case # 1:21-cv-493-DB MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Plaintiff Daryl A., Jr. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), on behalf of his father, Daryl A. Sr. ("Daryl Sr."),[1] seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied Daryl Sr.'s application for Disability Insurance Benefits ("DIB") under Title II of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 15).

On March 5, 2022, Plaintiff filed a motion for judgment on the pleadings, seeking an order granting judgment on the pleadings in favor of Plaintiff or, in the alternative, remanding the matter for a new hearing. *See* ECF No. 9. Thereafter, on August 2, 2022, the Commissioner filed a motion for remand, arguing that further administrative proceedings are warranted for the ALJ to clarify "ambiguous testimony" from the vocational expert and reassess whether there are jobs available in the national economy that Daryl Sr. could have performed. *See* ECF No. 11. On September 13, 2022, Plaintiff filed a response opposing the Commissioner's motion for remand and arguing that

---

[1] Daryl Sr. passed away on December 3, 2020, and Plaintiff was substituted as a party on his behalf. *See* ECF Nos. 2, 5.

this matter should be reversed and remanded for a calculation of benefits, rather than remanded for a new hearing and decision as requested by the Commissioner. *See* ECF No. 14.

For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is **GRANTED,** the Commissioner's motion for remand (ECF No. 11) is **DENIED**, the decision of the Commissioner denying Daryl Sr.'s disability insurance benefits is **REVERSED**, and this matter is **REMANDED** to the Commissioner for calculation of benefits.

## BACKGROUND

This case has an extensive procedural history. On November 14, 2013, Daryl Sr. protectively filed an application for DIB, alleging disability beginning June 22, 2009. Transcript ("Tr.") 27. The claim was denied initially on May 21, 2014, after which he filed a written request for hearing. Tr. 27, 136-137. On October 14, 2016, Daryl Sr. appeared and testified at an in-person hearing in Buffalo, New York, before Administrative Law Judge Bryce Baird (the "ALJ"). Tr. 27, 41-119. David A. Festa, an impartial vocational expert, also appeared and testified. Tr. 27. Plaintiff was represented by Josephine A. Greco, an attorney. On April 12, 2017, the ALJ issued an unfavorable decision, finding Daryl Sr. not disabled. Tr. 18-40. On May 31, 2018, the Appeals Council denied Daryl Sr.'s request for further review. Tr. 1-6.

Thereafter, Daryl Sr. filed a claim in the United States District Court for the Western District of New York, which issued a decision and order for remand on March 17, 2020. Tr. 2568-83. On July 13, 2020, the Appeals Council's issued a Notice of Remand. Tr. 2584-87. On November 9, 2020, the ALJ conducted a telephonic hearing,[2] at which Daryl Sr. appeared and testified and was represented by Zachary Zabawa, an attorney. Tr. 2435, 2457-2538. Susan B. Gaudet, a vocational expert, and John F. Kwock, M.D. ("Dr. Kwock"), a medical expert, also

---

[2] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") pandemic, all participants attended the hearing by telephone. Tr. 2435.

appeared and testified. *Id*. The ALJ issued another unfavorable decision on December 16, 2020, again finding Daryl Sr. was not disabled. Tr. 2431-56. Plaintiff now appeals the ALJ's December 16, 2020 decision directly to this Court.

## **LEGAL STANDARD**

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational

requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The ALJ analyzed Daryl Sr.'s claim for benefits under the process described above and made the following findings in his December 16, 2020 decision:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2014.

2. The claimant did not engage in substantial gainful activity during the period from the alleged disability onset date of June 22, 2009 through the date last insured of December 31, 2014 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the lumbar spine, status post November 2013 lumbar fusion surgery (with subsequent November 2015 removal of fusion hardware), and Stage IV chronic kidney disease (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. Through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a),[3] because he was able to lift, carry, pull, and/or pull ten pounds occasionally and five pounds frequently, stand or walk for up to two hours in an eight-hour workday, and sit for up to six hours in an eight-hour workday. The claimant needed to sit or stand as necessary while remaining on-task. The claimant needed to use a hand-held assistive device at all times when walking, with the result that the contralateral upper extremity was used to lift and carry up to the above-stated exertional limits. The claimant was unable to operate foot controls with his bilateral feet, and he was unable to crawl or climb ladders, ropes, or scaffolds, but he was able to occasionally stoop, kneel, crouch, and climb ramps or stairs. The claimant was able to occasionally balance with a hand-held device. Although the claimant was unable to reach overhead bilaterally, he was frequently able to reach in all other directions bilaterally. The claimant needed to avoid excessive vibrations and exposure to hazards such as unprotected heights and moving machinery. In addition, the claimant was able to engage in work with no production-rate or pace work, and he was able to engage in work that did not require teamwork, such as on a production line.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on June 26, 1968, and he was 40 years old, which is defined as a younger individual age 18-44, on June 22, 2009, the alleged disability onset date; the claimant subsequently changed age category to a younger individual, age 45-49 (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not

---

[3] "Sedentary" work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally, and other sedentary criteria are met.

disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 22, 2009, the alleged onset date, through December 31, 2014, the date last insured (20 CFR 404.1520(g)).

Tr. 2431-49.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on November 14, 2013, the claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act through December 31, 2014, the last date insured. Tr. 2449.

## **ANALYSIS**

Plaintiff asserts three points of error. First, Plaintiff argues that the ALJ's step five finding was not substantially supported because the evidence did not show the existence of a significant number of jobs that Daryl Sr. could perform. *See* ECF No. 9-1 at 11-16. Accordingly, argues Plaintiff, the ALJ's finding that Daryl Sr. was not disabled was not substantially supported and reversal for calculation of benefits is warranted. *See id*. Next, Plaintiff argues that the ALJ did not adequately resolve the issue regarding the RFC's reaching limitation and the conflict with the Dictionary of Occupational Titles ("DOT"). *See id*. at 16-19. Finally, Plaintiff argues that the ALJ failed to comply with the directive of the Court to resolve the issue regarding the amount of time Daryl Sr. could sit. *See id*. at 19-22.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such

6

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court finds that Plaintiff's first argument has merit. Given the vocational expert's testimony, the ALJ's step five finding is not substantially supported. Contrary to the Commissioner's claim that the vocational expert's testimony was ambiguous because she did not provide explanation for changes in her testimony, the Court finds that the vocational expert thoroughly considered the lengthy hypothetical limitations posed by the ALJ and explained her answers in detail each time she was pressed by the ALJ regarding why a particular job would not be applicable.

Although the claimant has the general burden to prove he has a disability under the definitions of the Social Security Act, the burden shifts to the Commissioner at step five "to show there is other work that [the claimant] can perform." *McIntyre v. Colvin*, 758 F.3d at 150 (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 445 (2d Cir. 2012) (internal quotation marks omitted))., Furthermore, "[at] Step Five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform." *McIntyre*, 758 F.3d at 151 (citing 20 C.F.R. § 404.1520(a)(4)(v)). Moreover, "[c]ourts have generally held that what constitutes a 'significant' number is fairly minimal." *Rosa v. Colvin*, No. 3:12-CV-0170 LEK/TWD, 2013 WL 1292145, at *9 (N.D.N.Y. Mar. 27, 2013) (quoting *Fox v. Comm'r of Soc. Sec.*, 2009 WL 367628, at *3 (N.D.N.Y. Feb. 13, 2009)).

Here, upon very lengthy questioning by the ALJ, the vocational expert ("VE") found only two possible positions, given the highly limiting and specific RFC posed by the ALJ. While the job of charge account clerk was initially given, upon later questioning and consideration of the

7

RFC's limitations, the VE testified that the position would not be viable. Although the VE did alter her answer when the ALJ asked a second time about the charge account clerk job, she clearly explained that the job could not actually be performed given the restrictions with pace and production rate (quota) work in the hypothetical. Tr. 2521. Furthermore, the VE repeated to the ALJ her understanding of the terms used in the ALJ's hypothetical, upon which the ALJ made no correction to the VE's understanding of the hypothetical's limitations, nor did the ALJ further challenge the VE's explanation as to why a job could not be done with the hypothetical limitations posed by the ALJ. Tr. 2524-25. Thus, there was no ambiguity in the VE's testimony that the charge account clerk position was not viable.

Without the charge account clerk position, the only job found by the VE to viably fit the lengthy hypothetical was that of telephone quotation clerk, with an offering of 5,000 jobs nationally. Tr. 2530. "Courts in this district have generally determined that at least 9,000 jobs amount to a significant number that is sufficient to satisfy the regulatory requirement." *Lance P. v. Comm'r of Soc. Sec.*, No. 21-CV-06123-FPG, 2023 WL 2573321, at *5 (W.D.N.Y. Mar. 20, 2023) (citing *Sarah Ann Z. v. Comm'r of Soc. Sec.*, No. 1:19-CV-01110, 2021 WL 1206516, *8 (W.D.N.Y. March 31, 2021) (finding that two jobs the VE identified, totaling 9,840 jobs, "significant")); *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177-78 (W.D.N.Y. 2018) (finding that the four jobs that the VE identified, totaling 9,046 jobs available nationally, is "significant").

On the other hand, where jobs exist in numbers below 9,000, courts in this Circuit have been reluctant to find that such low numbers constitute a "significant" amount. See *Renee D. v. Comm'r of Soc. Sec.*, No. 5:17-CV-0667 (DJS), 2018 WL 4266044, at *4-5 (N.D.N.Y. Sept. 6, 2018) (three available jobs with a collective number of 5,688 jobs available nationally is not "significant"); *Hamilton v. Commissioner*, 105 F. Supp. 3d 223, 231 (N.D.N.Y. 2015) (three

available jobs with a collective number of 5,160 jobs available nationally is not "significant"). Based on the foregoing, 5,000 telephone quotation clerk jobs is not significant. Accordingly, the ALJ's step five finding was not supported by substantial evidence.

As noted above, this claim was initially filed in November 2013 and has a lengthy procedural history. This Court previously remanded the case for a second hearing due to harmful errors. Daryl Sr. testified extensively at two administrative hearings prior to his death, and a VE was present and questioned at both hearings. Medical expert testimony was also elicited at the second hearing. The Commissioner argues the VE testimony was "ambiguous" and remand is necessary to elicit yet a third VE's testimony. However, as already explained, there was no ambiguity in the VE's very detailed explanations to the ALJ's extensive questioning, and the Court finds that remand would not provide any additional vocational evidence that is not already available in the record.

Because the ALJ's step five finding was not substantially supported, the final decision of the Commissioner is hereby reversed and remanded for the calculation of benefits. As such, the Court need not address Plaintiff's additional arguments. *See, e.g.*, *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## **CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is **GRANTED**, and the Commissioner's Motion for Remand (ECF No. 11) is **DENIED**. The decision of the Commissioner denying Daryl Sr.'s disability insurance benefits is **REVERSED**, and this case is hereby **REMANDED** to the Commissioner for the purpose of calculating the benefits owed to Daryl Sr. The Clerk of the Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE