UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARYL A., JR., OBO DARYL A., SR.,<br>      Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | §<br>§<br>§<br>§  Case # 1:21-cv-493-DB<br>§<br>§  ORDER ON §406(b) MOTION<br>§  FOR ATTORNEY FEES<br>§ |

## INTRODUCTION

Pending before the Court is a motion for attorney fees pursuant to 42 U.S.C. §406(b) filed on June 28, 2024, by Ida M. Comerford, Hiller Comerford Injury & Disability Law, PLLC, attorney for Plaintiff Daryl A., Jr. ("Plaintiff").[1] *See* ECF No. 23. Plaintiff's counsel seeks attorney fees in the sum of $46,431.75, with a direction that, upon receipt of these funds counsel will refund the fees received under the Equal Access to Justice Act ("EAJA") in the amount of $10,500.16 to Plaintiff.

In response, the Commissioner "neither supports nor opposes" Plaintiff's motion but leaves it to the Court to determine the reasonableness of Plaintiff's counsel's Section 406(b) fee request, and in awarding any such fees, asks the Court to specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past due benefits in accordance with agency policy, and to direct that Plaintiff's counsel reimburse any fees previously received under the EAJA. *See* ECF No. 26. Upon consideration, the Court finds the motion is **GRANTED**.

## PROCEDURAL BACKGROUND

On December 13, 2023, this Court entered a judgment reversing this case for the calculation of benefits.[2] *See* ECF Nos. 16, 17. Thereafter, on June 11, 2024, the Social Security

---

[1] Plaintiff was substituted as a party on behalf of his deceased father, Daryl A., Sr. *See* ECF Nos. 2, 5.
[2] The parties consented to proceed before the undersigned, in accordance with a standing order. *See* ECF No. 15.

Administration ("SSA") issued a Notice of Award on Plaintiff's Title II claim, indicating that Daryl A. Sr. was entitled to $185,727.00 in past-due benefits, of which $46,431.75 was withheld to pay attorney fees. *See* ECF No. 23-3.

The parties previously stipulated to attorney fees of $10,500.16 under the EAJA, which was granted by Stipulation and Order on April 12, 2024. *See* ECF No. 20, 21. Plaintiff's attorney affirms that those funds were received and stipulates that, upon receipt of the requested 406(b) fee in the amount of $46,431.75, the $10,500.16 previously received in EAJA fees will be refunded to Plaintiff. *See* ECF No. 23-1 at 3.

## STATUTORY BACKGROUND

42 U.S.C. § 406(b) authorizes a court to award reasonable attorney fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir.1990). "[B]ecause a successful social security claimant evaluates and pays [her] own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. Prior to *Gisbrecht*, there was a split among the circuits as to the method to be used to calculate attorney fees under 42 U.S.C.§406(b). Some circuits used the "lodestar method,"[3] while others, including the Second Circuit, gave effect to an attorney-client contingent fee agreement if the resulting fee was reasonable, sometimes called the "contingent-fee method." *Gisbrecht*, 535 U.S. at 800; *Wells*, 907 F.2d 367. The *Gisbrecht* court resolved in favor of the latter approach giving "primacy" to "lawful attorney-client fee agreements." *Gisbrecht*, 535 U.S. at 793.

---

[3] The traditional lodestar method emphasizes the calculation of a reasonable rate of compensation for the number of hours reasonably worked. *See Wells v. Sullivan*, 907 F.2d 367, 371 *(2d Cir. 1990)* (internal citations omitted); *see also Blum v. Stenson*, 465 U.S. 886, 898 (1984); *McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir.1989).

Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. (citing § 406(b)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 792–93.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).

## **DISCUSSION**

In determining a reasonable fee, a court should look first to the contingent-fee agreement, and then test for reasonableness based on the character of the representation and the results the representative achieved. *Gisbrecht*, 535 U.S. at 808; *Wells*, 907 F.2d at 371 ("the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client."). However, "[i]f benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Wells*, 907 F.2d at 371 (citations omitted).

3

The court also considers whether the requested fee is out of line with the character of the representation and the results the representative achieved and whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee. *Trupia v. Astrue*, No. 05-6085, 2008 WL 858994, at *2 (N.D.N.Y. Mar. 27, 2008) (citing *Wells*, 907 F.2d at 372). If the court finds that the contingency fee agreement produces an unreasonable fee, the court may reduce the fee provided it states the reasons for and the amount of the deductions. *Id*.

With respect to timeliness, Plaintiff's Notice of Award was dated June 11, 2024. *See* ECF No. 23-3. The fourteen-day filing period for an application for attorney fees (plus a three-day mailing period)[4] provided in Federal Rule of Civil Procedure 54(d)(2)(B) is applicable to Section 406(b) petitions. *See Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019); *see also* Local Rule 5.5(g)(1). Based on the date of the Notice of Award, the motion was due on June 28, 2024. Plaintiff's counsel filed the Section 406(b) motion on June 28, 2024. *See* ECF No. 23. Therefore, Plaintiff's counsel's Section 406(b) motion was timely filed.

As noted above, Plaintiff's counsel requests $46,431.75 under Section 406(b). *See* ECF No. 23-1. The Court has considered the deference that is owed to agreements between an attorney and client; the interest in assuring future representation for disability claimants; and the lack of any factor indicating that the requested award would result in a windfall, and notes that the amount sought does not exceed the statutory 25% cap, or the amount to which counsel is entitled under Plaintiff's fee agreement (ECF No. 23-4). *See* 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 802.

---

[4] Under the Federal Rules of Civil Procedure, a document is deemed received three days after mailing. Fed.R.Civ.P. 6(d).

Kelly Laga-Sciandra, one of the attorneys for Plaintiff, stated that she expended a total of 46.6 hours of services at the district court level. *See* ECF No. 23-5. Thus, Plaintiff's counsel's Section 406(b) fee request amounts to an approximate *de facto* hourly rate of $996.39 ($46,431.75 divided by 46.6).[5] The Court finds that the amount of the requested fee is reasonable in light of the character of the representation, Plaintiff's counsel's expertise, the results that were achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y. 2005). Additionally, the Court has reviewed the time records submitted by Plaintiff's counsel (ECF No. 23-5) and finds no evidence of delay or duplication of effort.

Upon consideration, the Court finds that the fee sought in this case is within the range of awards approved in recent similar cases. *See, e.g., Sims v. Commissioner of Social Security*, 2020 WL 812923 (W.D.N.Y. February 19, 2020) (approving $980.87 per hour); *Salone v. Commissioner of Social Security*, 2020 WL 1677374 (W.D.N.Y. April 6, 2020) (approving $956.25 per hour); *Abbruscato v. Colvin*, 2020 WL 812922 (W.D.N.Y., February 19, 2020) (approving $855.28 per hour); *McDonald v. Commissioner*, 2020 WL 360979 (W.D.N.Y. 2019) (approving $1,051.64 per hour); *Buckley v. Berryhill*, 2018 WL 3368434 (W.D.N.Y. 2018) (approving $1,000.00 per hour). Furthermore, the Second Circuit has found that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) (finding the hourly rate of $1,556.98 was reasonable). Additionally, there is no evidence of fraud or overreaching.

---

[5] Although the lodestar method is not used in calculating fees under Section 406(b), in determining whether a fee request is reasonable, district courts generally look, at least initially, to the number of hours the attorney spent litigating the case, and then the hourly rate obtained by dividing the requested award by the time spent on the case. *See, e.g., Gisbrecht*, 535 U.S. at 808; *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323-25 (S.D.N.Y. 2007); *George v. Astrue*, No. 04-CV-1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009).

The Court further finds that the requested fee is reasonable given that Plaintiff recouped $185,727.00 in past-due benefits on behalf of Daryl A., Sr. Thus, Plaintiff's counsel's efforts, including the filing of this action, were instrumental in the award of benefits ultimately obtained. It appears that counsel devoted considerable time and careful attention to Plaintiff's case, as demonstrated by the hours expended. *See Gisbrecht*, 535 U.S. at 807. Thus, the Court finds that Plaintiff's counsel provided effective and efficient representation, Finally, the requested fee of $46,431.75 is reasonable because it reflects the contingent nature of the recovery, as well as "the extremely long odds" and "significant risk of loss" inherent in Social Security appeals.[6] *See Gisbrecht*, 535 U.S. at 810 (explaining contingent nature of a 406(b) fee).

After conducting an "independent check," the Court finds that Plaintiff's counsel has shown that the requested fee of $46,431.75 pursuant to 42 U.S.C.§406(b) is reasonable. Pursuant to the 1985 Amendments to the EAJA, where counsel receives fees for the same work under the EAJA and 42 U.S.C. § 406(b), counsel must return the smaller of the two fees to Plaintiff. Pub. L. 99-80, Sec. 3, 99 Stat. 183 (1985). *See Gisbrecht*, 535 U.S. at 796 (Counsel must refund plaintiff the lesser of the two fees received).

Accordingly, the Court finds that Plaintiff's motion for attorney fees in the amount of $46,431.75 (*see* ECF No. 23), pursuant to 42 U.S.C. §406(b) is **GRANTED**, and upon receipt of that sum, Plaintiff's counsel must refund the sum of $$10,500.16 to Plaintiff.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court takes judicial notice of SSA data showing that only 49.63% of Social Security disability court cases were remanded in Fiscal Year 2020. *See* https://www.ssa.gov/appeals/DataSets/AC05_Court_Remands_NCC_Filed.html (last visited July 23, 2024).